IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RITA MASENTHIN,

      Plaintiff,

vs.                                            Case No. 02-4109-SAC

JO ANNE B. BARNHART, Commissioner
of Social Security,

      Defendant.

MEMORANDUM AND ORDER

This case comes before the court on the motion of plaintiff's counsel for attorney's fees, expenses and costs, pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA).

The court finds it unnecessary for purposes of this motion to set forth the procedural background in detail. Suffice it to say that the Commissioner filed an unopposed motion to remand the case while it was pending in the Tenth Circuit, thus that the case was reversed and remanded to the Commissioner for further proceedings. After the parties were unable to agree on the amount of attorney's fees, plaintiff's counsel filed this motion.

The relevant statute provides that "... a court shall award to a

prevailing party... fees and other expenses... incurred by that party in any civil action... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." § 2412(d)(1)(A).  The parties agree that plaintiff is a "prevailing party," and neither party contends that the position of the United States was "substantially justified or that special circumstances make an award unjust."  *See id.*  Accordingly, plaintiff has met the threshold conditions for an award of fees and costs under the EAJA.

The sole dispute in the present case is whether the amount of fees sought by counsel for the plaintiff is reasonable.  Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable." *INS v. Jean*, 496 U.S. 154, 161 (1990).  The court has an independent duty to evaluate the reasonableness of the requested fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Hussey v. Apfel*, 1999 WL 79657 at *4 (D. Kan. 1999).  "It is the process of careful judicial scrutiny of fee applications... that best ensures that the salutary purposes of the EAJA are realized. *Sandoval v. Apfel,* 86 F. Supp. 2d 601, 608 (N.D. Tex. 2000) (the fees requested and awarded

under the EAJA must be for services that are properly documented, actually rendered, and compensated at reasonable rates...)  *See generally Commissioner, INS v. Jean*, 496 U.S. at 163 ("Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount.") Accordingly, the court finds it necessary and desirable to examine the requested hourly rates and COLA increases sought by plaintiff's counsel, despite the absence of objection to them by the Commissioner.

### Hourly rates

In EAJA cases, the hourly rate for attorney's fees is required by statute to be based upon prevailing market rates for the same kind and quality of work, and is capped at $125 per hour.

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C.A. § 2412(d)(2)(A).

This court has previously summarized the fundamental procedure for determining the reasonableness of a fee award under 28 U.S.C. § 2412(d)(2)(A) in stating:

3

>By its terms, this provision establishes a two-step approach for arriving at the appropriate hourly rate. First, the court must determine the prevailing market rate for similar services provided by lawyers "of reasonably comparable skill, experience, and reputation." *Umscheid v. Apfel*, 2 F. Supp. 2d 1438, 1440 (D. Kan. 1998). The burden rests with the fee applicant to establish by evidence the prevailing market rate relevant in this case. *See Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984).

*Culler v. Massanari,* 2001 WL 1718033, *1 (D. Kan. 2001). Secondly, the court determines whether to increase that rate because of a cost of living factor, as discussed later in this memorandum. *Id.*

Plaintiff's counsel initially filed no affidavit whatsoever in support of his fee request. The fee applicant bears the burden of establishing entitlement to an award by documenting the appropriate hourly rate and number of hours expended, with evidence in support of the fee request. *See Hensley*, 461 U.S. at 433, 437; D. Kan. Rule 54.2 (requiring fee applicant to set forth the factual basis, supported by evidence, for each criterion considered by the court in making an award). Because of that procedural failure, the court issued a show cause order and plaintiff timely responded with evidentiary support for his motion. Dk. 46. The affidavit filed in response to the show cause order states that the rates plaintiff's counsel seeks to recover in this case are below his standard hourly rate, and are "standard rates charged by other practitioners with similar training, education and experience in the community." *Id.*, p. 3. Based upon its review of the affidavit and attachments

submitted by plaintiff's counsel, viewed in light of the court's experience with such cases, the court finds that the prevailing market rate in this case is at least $125.00 per hour. *See Culler,* 2001 WL 1718033, and cases cited therein.

### COLA increase to hourly rate

The court next determines whether the requested increase to the $125 hourly rate is warranted because of a cost of living adjustment (COLA). Plaintiff's counsel seeks $144 per hour for work performed in 2002, $148 per hour for work performed in 2003, and $149 per hour for work performed in 2004 and 2005.[1] Plaintiff's memorandum in support of his fee motion alleges, without citation to authority, that "based on COLA adjustments, the statutory rate that would be applicable in this case" would be those noted above. Dk.41, p. 3-4. Although plaintiff's counsel initially failed to submit evidence showing what the cost of living adjustment was for the relevant years and to show his calculations, that omission has been cured by his response to the show cause order.

Plaintiff's sole argument in support of a COLA is to state: "Several Plaintiffs'(sic) in this Court have sought and received COLA adjustments to their

---

[1] Plaintiff's response to the show cause order states that he mistakenly calculated the 2004 and 2005 rates at $149 per hour and that the proper calculations should be $152 and $156, respectively, but that he "accepts the lower rate due to this error." Dk. 46, p. 5.

fee requests.  *Nave v. Barnhart*, 2003 WL 22300178 (D. Kan. 2003); *Culler v. Massanari*, 2001WL 1718033 (D. Kan. 2001)."  Dk. 41, p. 4.  Neither case, however, supports the proposition that COLAs were received.  In *Culler*, this court found that plaintiff had not submitted "proper proof establishing a cost-of-living increase for the particular year in which most fees were earned," so denied the requested adjustment for failure to meet the burden of proof on that issue.  *Culler*, 2001 WL 1718033, *1-2.  In *Nave*, although the court approved a rate in excess of $125 per hour, no mention was made of any cost of living adjustment, thus the increase to the statutory rate may have been based upon some other factor.  *See* 28 U.S.C.A. § 2412(d)(2)(A).

      This court is not required to award an hourly rate in excess of the statutory figure because of an increase in the cost of living, even where evidence of such is shown.  *Headlee v. Bowen*, 869 F.2d 548, 551 (10th Cir.), *cert. denied*, 493 U.S. 979 (1989).  Rather, such an award rests within the discretion of the court.  *Id.*  The court finds a COLA increase appropriate, and believes that a departure from the $125 per hour cap contained in the statute is justified in this case.  Accordingly, plaintiff's request for a COLA increase shall be granted at the rates requested in the motion.

      **Expenditure of time**

Before the court addresses the commissioner's objections to certain amounts of time, the court finds it necessary to clarify the amount of total time for which plaintiff's counsel seeks to recover fees. In his motion for attorneys fees (Dk. 39) and in his memorandum in support of its motion (Dk. 41), plaintiff's counsel states that his time totals 76.75 hours. In plaintiff's response to the show cause order, however, plaintiff states that his time totals 81.75 hours. In this latter pleading, plaintiff has added five hours as a "supplemental EAJA request," and refers the court to Docket 41, the memorandum in support of the initial fee motion. From this allusion, the court believes that plaintiff's counsel added five hours to account for his time spent in preparing the memorandum in support of the initial fee motion. Although time spent preparing an EAJA fee application is generally compensable, *seeCommissioner, I.N.S. v. Jean*, 496 U.S. 154 (1990), these hours should have been included in plaintiff's original memorandum and motion so that the Commissioner could have had an opportunity to respond to them. Including them in response to a show cause order is untimely.

The Commissioner's sole objection to the amount of the fee award is that particular hours claimed are unreasonable. Specifically, the Commissioner objects that excessive time was spent on the following tasks: 1) filing unsuccessful motions to proceed in forma pauperis and to file a brief in excess of 25 pages, and

7

reviewing the orders denying such motions; 2) doing routine tasks, such as preparing the civil cover sheet, designation of place of trial, complaint, federal court summons, notice of appeal to the Tenth Circuit, and motions for extension of time; and 3) preparing a brief to the Tenth Circuit, to the extent it contained arguments that were procedurally doomed to fail.

The court has reviewed each of the Commissioner's objections and finds that for each challenged event, the amounts of time documented were reasonably necessary to accomplish the tasks listed. The Commissioner's objections to the expenditures of time shall therefore be overruled. Plaintiff shall be awarded 76.75 hours at the rates requested in Dk. 39, p. 3.

**Other costs and expenses**

Plaintiff's counsel asks the court to award $405.00 in filing fees, and $236.99 for postage, binding and photocopying costs of pleadings in the Tenth Circuit. Dk. 39, p. 3. The Commissioner does not object to the amount of these fees and costs sought by plaintiff, but asks the court to distinguish costs, which are paid out of the Judgment Fund administered by the Department of the Treasury, *see* 31 U.S.C. § 1304, from fees and expenses, which are paid by the Social Security Administration, s*ee* 28 U.S.C. § 2412(d)(4).

The EAJA provides that a plaintiff may recover "costs, as enumerated

in § 1920 of this title."  28 U.S.C. § 2412(a).  Additionally, a plaintiff may be awarded "fees and other expenses."  28 U.S.C. § 2412(d)(1)(A).  Title 28 of the United States Code § 1920 limits "costs" to such items as docket fees, fees for the clerk and marshal and fees for photocopies.  Although the Act does not provide an exclusive definition of expenses, it does state that "fees and other expenses" include reasonable expenses of expert witnesses and reasonable costs of studies, analyses, engineering reports, etc. 28 U.S.C. § 2412(d)(2)(A).  The court notes that plaintiff's application includes $35.65 for postage, which is not an eligible expense under the EAJA.  *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir.1986).  Accordingly, the amount claimed for postage shall not be awarded.

Therefore, the following shall be awarded to plaintiff: attorneys' fees in the amount of $11,273.85 and costs in the amount of $606.34 ($405.00 filing plus $201.34 photocopying).

IT IS THEREFORE ORDERED that plaintiff's motion for attorney's fees, expenses and costs (Dk. 39) is granted to the extent stated herein.

Dated this 21st day of July, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge